Callie A. Bjurstrom, State Bar No. 137816
James C. Danaher, State Bar No. 254652
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.645.5323

Attorneys for Plaintiffs
FIELDTURF USA, INC. and FIELDTURF TARKETT INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation; and FIELDTURF TARKETT INC., a Canadian company,<br><br>    Plaintiffs,<br><br>v.<br><br>BLUE SKY INTERNATIONAL, Inc., a Pennsylvania company; BLUE SKY TURF INTERNATIONAL, INC., a California registered company,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT UNDER 15 U.S.C.§ 1114; FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a); TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c); COMMON LAW TRADEMARK INFRINGEMENT; CONTRIBUTORY TRADEMARK INFRINGEMENT; UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL.BUS.& PROF. CODE §§ 17200, 17500 ET SEQ.; AND COMMON LAW UNFAIR COMPETITION;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, FieldTurf USA, Inc. and FieldTurf Tarkett Inc. (collectively "Plaintiffs") allege as follows:

## I.

## **INTRODUCTION**

1.   This is a civil action seeking injunctive relief, damages and attorneys' fees based upon trademark infringement and dilution of Plaintiffs' famous and highly distinctive FIELDTURF trademark, false advertising, unfair competition, and deceptive trade practices by Defendants, who use

the Plaintiffs' trademark without authorization in connection with the offering of products and/or services for sale in interstate commerce, in the State of California and in this district.

2. Plaintiffs request that this Court enjoin the conduct complained of herein, enjoin Defendants from their deceptive practice, award equitable relief to remedy the damage caused by Defendants' deception of customers and diversion of business, and award to Plaintiffs all damages allowed by law.

## II.

## THE PARTIES

3. FieldTurf USA, Inc. is a Florida corporation, with its principal place of business in Calhoon, Georgia. FieldTurf USA, Inc. manufactures, sells and installs synthetic turf products throughout the United States.

4. FieldTurf Tarkett Inc. is a Canadian company with its principal place of business in Montreal, Quebec, Canada. FieldTurf Tarkett Inc. designs synthetic turf products and distributes these products worldwide.

5. Plaintiffs use the FIELDTURF trademark in commerce to promote, advertise and as a source identifier for its goods and services associated with the manufacture, sale and installation of synthetic turf products. FieldTurf Tarkett Inc. is the owner (by assignment) of common-law rights in the trademark FIELDTURF, as well as U.S. Trademark Registration No. 2,593,572, issued by the United States Patent and Trademark Office on July 16, 2002, for the FIELDTURF trademark. (See Exhibit A). FieldTurf USA, Inc. is the exclusive U.S. licensee of the FIELDTURF trademark.

6. Plaintiffs use the FIELDTURF Trademark in connection with their synthetic grass products and services for use with, amongst other things, athletic playing fields. Plaintiffs have a well-known and excellent reputation in the synthetic turf industry for high quality products. Plaintiffs' goodwill and reputation are embodied in the FIELDTURF Trademark.

7. On information and belief, defendant Blue Sky International, Inc. (hereinafter referred to as "Blue Sky") is a Pennsylvania corporation. On information and belief, Blue Sky operates as a supplier of synthetic grass products and services for use as, amongst other things, athletic playing fields. On information and belief, Blue Sky solicits potential customers, or their respective agents

and/or representatives through its Internet based web site www.blueskyturf.com. Copies of selected printouts from this website are attached hereto as Exhibit B.

8. On information and belief, Blue Sky was registered to do business in the State of California and is doing business in the State of California as Blue Sky Turf International, Inc. Hereinafter, Blue Sky and Blue Sky Turf International, Inc. will be collectively referred to as "Defendants". On information and belief, Defendants have a statutory agent for service of process located in Sacramento, California.

## III.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is proper in this Court inasmuch as this action asserts infringement of a federally registered trademark, including a claim under 15 U.S.C. §§ 1114, 1116 and 1117. This action also asserts violations under 15 U.S.C. § 1125 for false designation of origin, false/misleading description, false representation of fact, and trademark dilution. Therefore this Court has jurisdiction over that claim, and related unfair competition claims pursuant to the provisions of 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(a) and 1338(b). All other claims in this action arise from the same transaction or occurrence, such that this Court has supplemental jurisdiction under 28 U.S.C. §§ 1338 and 1367(a). Jurisdiction is also proper pursuant to 28 U.S.C. § 1332, inasmuch as Plaintiffs and Defendants are residents of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

10. This Court may exercise personal jurisdiction over Defendants because Defendants conduct business in California, and Defendants' statutory agent resides in the Eastern District of California. The wrongful actions complained of herein are also causing injury in the State of California, and specifically, in this judicial district.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), since Defendants are subject to personal jurisdiction here, Defendants have extensive contacts with and conduct business within the State of California and this judicial district, Defendants have caused their products to be advertised, promoted, and sold in this judicial district, and because Defendants have caused injury to Plaintiffs in this judicial district.

## IV.

## **THE FIELDTURF MARK**

12. Plaintiffs have used the FIELDTURF Trademark since at least 1994 in Canada and in the United States in connection with synthetic surfacing, which consists of ribbons of synthetic fibers woven on a backing and partially covered by a particulate infill for the playing of soccer, football, lacrosse, field hockey, golf, and other activities.

13. Over the years of use of the FIELDTURF Trademark, Plaintiffs have become well known in the sports surfacing industry for their artificial sports surfacing bearing the FIELDTURF Trademark.

14. Over the many years that Plaintiffs' have used the FIELDTURF Trademark, they have promoted and sold hundreds of millions of dollars worth of goods and services under the FIELDTURF Trademark.

15. In support of the promotion and sales of Plaintiffs' products, Plaintiffs' products marketed under the FIELDTURF Trademark have been extensively advertised throughout the United States and foreign countries.

16. As a result of Plaintiffs' advertising, promotion and sales, and as a result of the superior product associated with the FIELDTURF Trademark, the mark has come to mean and is understood to mean the Plaintiffs and Plaintiffs' products only, and the word FIELDTURF is a mark by which the goods of Plaintiffs are distinguished from other goods of the same competitive class. This is true throughout the United States, including throughout the State of California.

17. The commercial success of Plaintiffs' products in major sporting venues has made the FIELDTURF Trademark immediately recognizable as a signifier of Plaintiffs' goods, and the quality and characteristics of those goods. Plaintiffs' products have been installed in such famous sporting venues as Penn State University, Qwest Field (home of the Seattle Seahawks), Paul Brown Stadium (home of the Cincinnati Bengals), New Meadowlands (home of the N.Y. Jets and N.Y. Giants), Michigan Stadium (home of the Michigan Wolverines), Camp Randall Stadium (home of the Wisconsin Badgers), Gillette Stadium (home of the New England Patriots), The U.S. Military Academy at West Point, Notre Dame University and others.

18. Due to Plaintiffs' extensive advertising and promotion of its goods and services with its FIELDTURF Trademark throughout the United States, along with the extensive, exclusive and continuous use of the FIELDTURF Trademark by Plaintiffs, and the strong commercial success of Plaintiffs' products, the FIELDTURF Trademark has for many years been, and continues to be, a famous mark within the relevant market.

## V.
## DEFENDANTS' CEO AND HIS PAST COMPETITION WITH FIELDTURF

19. Throughout their long history, Plaintiffs have had a number of competitors within the industry.

20. One particular competitor was Sprinturf, Inc. (hereinafter "Sprinturf"), which did business and sold artificial turf fields under the name "Sprinturf." On information and belief, Mr. Hank Julicher was the CEO of Sprinturf. On information and belief, Mr. Julicher now holds the position of CEO for Defendants.

21. During Mr. Julicher's tenure as CEO of Sprinturf, the company was accused on multiple occasions of infringing one or more patents of Plaintiffs, as well as of trademark infringement and other acts of unfair competition. On more than one occasion, such accusations resulted in the commencement of litigation by Plaintiffs against Spinturf, and eventual settlements between the parties. As such, Mr. Julicher is well acquainted with Plaintiffs' products and services and the extremely well known and readily recognized FIELDTURF Trademark.

## VI.
## DEFENDANTS' INFRINGING ACTIVITIES

22. On information and belief, after many years of running Sprinturf, and after several legal disputes with FieldTurf, Mr. Julicher eventually parted ways with Sprinturf. On information and belief, Mr. Julicher recently formed Defendants to compete with Plaintiffs in the artificial turf market by offering a wide variety of artificial turf, track and tennis products and installation services to sport facilities.

23. On information and belief, Defendants have now attempted to capitalize on the goodwill associated with the FIELDTURF Trademark by using that mark in association with goods

and/or services, without permission, and in direct violation of the rights of Plaintiffs. On information and belief, Defendants know that the generally-recognized name of the type of products they offer for sale is artificial turf, artificial grass and/or synthetic turf/grass. In contrast, "FIELDTURF" is a well-known trademark of Plaintiffs.

24. Defendants' use of the term "field turf" in its website promotions and advertisements is confusingly similar to Plaintiffs' FIELDTURF Trademark with the only difference being that the term "field turf" is separated into two words.

25. Defendants have intentionally deceived and continue to deceive consumers by advertising on their website that their artificial turf product is "The field turf fiber that revolutionized an industry." After driving traffic to their website through their improper use of Plaintiffs' FIELDTURF trademark, Defendants perpetuate the deception by falsely advertising that their product is "The field turf fiber that revolutionized an industry."

26. In making such representations on their website, Defendants used, are using, and intend to continue using the term "field turf" with the intent to confuse and deceive consumers in California and elsewhere into believing that such consumers are dealing with someone that is affiliated with, associated with, or sponsored by Plaintiffs, or someone that sells an artificial turf product made and sold by Plaintiffs.

27. Defendants' representations are not true by virtue of the fact that Defendants are competitors of Plaintiffs, and Plaintiffs have not licensed or permitted Defendants to use the FIELDTURF Trademark.

28. Defendants' adoption and use of the term "field turf" is intended to simulate, imitate, confuse and/or dilute the FIELDTURF Trademark, and is done so with full knowledge of and in willful disregard of Plaintiffs' rights in the FIELDTURF Trademark.

29. On information and belief, existing and potential customers of Plaintiffs in California and nationwide have visited and will continue to visit Defendants' website, believing it to be affiliated with, associated with, or sponsored by Plaintiffs.

/ / /

/ / /

30.     On information and belief, Defendants knew or should have known that their conduct would lead to instances of confusion and that injuries to Plaintiffs would likely result in California and nationwide as a result of Defendants' conduct.

31.     Plaintiffs sent demand letters to Defendants on or about March 29, 2011 and June 14, 2011, informing them of Plaintiffs' valuable trademark rights and demanding that they cease all use of the FIELDTURF trademark.

32.     As of the date of this Complaint, Defendants have rejected these demands and continue to use the FIELDTURF trademark, and confusingly similar variations of the FIELDTURF trademark, without authorization. Defendants' failure to comply with Plaintiffs' demands demonstrates a deliberate intent to continue wrongfully competing with Plaintiffs and to willfully infringe Plaintiffs' rights in the FIELDTURF trademark.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

33.     Plaintiffs repeat and incorporate by reference the allegations and facts set forth in paragraphs 1 through 32 above as if fully set forth herein.

34.     FieldTurf Tarkett Inc. owns the registered trademark FIELDTURF (U.S. Registration No. 2,593,572).

35.     Since at least as early as March 21, 1994, Plaintiffs have used their FIELDTURF Trademark in interstate commerce in connection with their synthetic grass products.

36.     Plaintiffs have invested considerable time and money in developing the goodwill and reputation associated with their Trademark, the products bearing their Trademark, and their association with Plaintiffs.

37.     Without the authorization of Plaintiffs, Defendants have used Plaintiffs' Trademark on Defendants' website, in connection with Defendants' advertisement and promotion of its products and in such a way as to drive traffic to Defendants' website and actually and/or likely cause confusion, cause mistake, or to deceive the consumer.

38.     By use of Plaintiffs' Trademark, Defendants are misleading the public in general, and consumers and users of synthetic grass into believing that they are sponsored by, affiliated, licensed,

or associated with Plaintiffs, thereby depriving Plaintiffs of the benefit of the goodwill associated with their Trademark and products bearing their Trademark, and unlawfully usurping that goodwill for their own benefit.

39. Defendants' use of Plaintiffs' Trademark constitutes infringement of the FIELDTURF Trademark and related rights under the Trademark Act and the U.S. trademark laws pursuant to 15 U.S.C. § 1051 et seq., and particularly 15 U.S.C. § 1114(1) (Lanham Act, § 32(1)).

40. Plaintiffs are entitled to a full range of relief under the provisions of the Trademark Act and the U.S. laws relating to trademarks and unfair competition, including relief pursuant to at least 15 U.S.C. §§ 1116, 1117 and 1118.

## COUNT II

### FALSE DESIGNATION OF ORIGIN, FALSE/MISLEADING DESCRIPTION AND FALSE REPRESENTATION OF FACT UNDER 15 U.S.C. § 1125(a)

41. Plaintiffs repeat and incorporate by reference the allegations and facts set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. Plaintiffs' Trademark identifies Plaintiffs as an exclusive source, and distinguishes Plaintiffs' synthetic turf products in the marketplace.

43. Defendants' unauthorized use of the name "field turf" and the slogan "The field turf fiber that revolutionized an industry" in connection with advertisements and solicitations of their goods and services are likely to have caused and/or actually have caused confusion and or mistake as to the origin of Defendants goods, or as to the affiliation or sponsorship of the goods and/or services of Defendants with Plaintiffs.

44. Defendants' unauthorized use of the name "field turf" and the slogan "The field turf fiber that revolutionized an industry" in connection with advertisements and solicitations of their services, including use of the same in advertising and promoting their goods and/or services, have resulted in a false description and misrepresentation of the nature, characteristics, quality and origin of Defendants' synthetic turf products, which are not FieldTurf products.

45. Defendants' unauthorized use, advertisement, promotion and display of the name "field turf" and the slogan "The field turf fiber that revolutionized an industry" constitute false designation

of origin, false and misleading description and false representation of fact under 15 .U.S.C. § 1125(a) (§43(a) of the Lanham Act).

46. Defendants' unauthorized use, advertisement, promotion and display of the name "field turf" and the slogan "The field turf fiber that revolutionized an industry" have caused, and may continue to cause damages and irreparable injury to Plaintiffs' reputation, goodwill, business, and economic opportunities.

47. Plaintiffs are entitled to relief under the provisions of the Trademark Act and the U.S. laws relating to trademarks and unfair competition pursuant to at least 15 U.S.C. §§ 1116, 1117 and 1118. Furthermore, Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III

## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

48. Plaintiffs repeat and incorporate by reference the allegations and facts set forth in paragraphs 1 through 47 above as if fully set forth herein.

49. As a result of Plaintiffs' extensive and exclusive use and advertising of the FIELDTURF Trademark, that mark has become and continues to be a famous and distinctive trademark within the synthetic turf industry.

50. Defendants' unauthorized use of the name "field turf," as outlined above, constitutes an attempt to dilute the strength and distinctiveness of the FIELDTURF Trademark through tarnishment and/or blurring.

51. Such unauthorized use was done and is being done with full knowledge of Plaintiffs' rights in the FIELDTURF Trademark, and with willful disregard of those rights.

52. As such, Defendants' actions constitute a violation of at least 15 U.S.C. § 1125(c) (§43(a) of the Lanham Act), for the dilution of Plaintiffs' famous FIELDTURF Trademark.

53. Plaintiffs are entitled to relief for the attempted and/or actual dilution of the FIELDTURF Trademark under at least 15 U.S.C. §§ 1116, 1117 and 1118.

## COUNT IV

## TRADEMARK INFRINGEMENT – COMMON LAW

54. Plaintiffs repeat and incorporate by reference the allegations and facts set forth in paragraphs 1 through 53 above as if fully set forth herein.

55. The general consuming public of California widely recognizes the FIELDTURF mark as designating Plaintiffs as the source of services and/or goods. Plaintiffs have common law trademark rights in the FIELDTURF mark under California law.

56. Defendants' wrongful activities in the State of California have caused Plaintiffs irreparable injury. Plaintiffs are informed and believe that unless such conduct is enjoined by this Court, Defendants will continue and expand their wrongful activities to the irreparable injury of Plaintiffs. This injury includes a reduction in the distinctiveness of Plaintiffs' FIELDTURF mark and injury to Plaintiffs' reputation that cannot be remedied through damages, and Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants and their agents, servants, employees, and all persons acting through them, in concert with them, or on their behalf, from using in commerce the FIELDTURF mark or any colorable imitation thereof.

57. Plaintiffs are also entitled to recover (i) Defendants' profits, (ii) Plaintiffs' ascertainable damages, and (iii) Plaintiffs' costs of suit. Defendants' willful use of Plaintiffs' FIELDTURF mark without excuse or justification entitles Plaintiffs to their reasonable attorneys' fees.

## COUNT V

## UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 and 17500, *ET SEQ*

58. Plaintiffs repeat and incorporate by reference the allegations and facts set forth in paragraphs 1 through 57 above as if fully set forth herein.

59. Plaintiffs own rights in the FIELDTURF Trademark in connection with their synthetic turf products and services.

60. Defendants' use of the name "field turf" and the slogan "The field turf fiber that revolutionized an industry" in connection with their goods and services have caused actual and/or a

likelihood of consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of their services and the products associated with Defendants.

61. Defendants' use of the name "field turf" and the slogan "The field turf fiber that revolutionized an industry" in connection with their goods and services have caused actual and/or a likelihood of consumer confusion or misunderstanding as to affiliation, connection or association with or certification by Plaintiffs of Defendants' services and the artificial turf products associated with Defendants' goods and services.

62. By marketing, advertising, promoting and selling its goods and services by use of the name "field turf" and the slogan "The field turf fiber that revolutionized an industry," Defendants have misappropriated and relied upon the good will associated with and symbolized by Plaintiffs' FIELDTURF Trademark.

63. Defendants' unauthorized use of the FIELDTURF mark and their misrepresentations in connection with their unauthorized use of the name "field turf" and the slogan "The field turf fiber that revolutionized an industry" have unjustly enriched Defendants at Plaintiffs' expense.

64. The unauthorized use and misrepresentations by Defendants set forth above, has injured, and will continue to injure Plaintiffs' reputation and the goodwill associated with Plaintiffs' FIELDTURF trademark.

65. Defendants' conduct has caused, and will continue to cause damages and irreparable injury to Plaintiffs' reputation, goodwill, business, and economic opportunities.

66. By these actions, Defendants have engaged in false advertising and unfair competition in violation of the statutory laws of the State of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.*, and, as a result, Plaintiffs have suffered and will continue to suffer damage to their business, reputation, and goodwill.

67. Defendants' wrongful activities in the State of California have caused Plaintiffs irreparable injury. Plaintiffs are informed and believe that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continuing, irreparable injury of Plaintiffs. This injury includes a reduction in the distinctiveness of Plaintiffs' FIELDTURF mark and injury to Plaintiffs' reputation that cannot be remedied through damages, and Plaintiffs have no

adequate remedy at law.  Plaintiffs are entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants and their agents, servants, employees, and all persons acting through them, in concert with them, or on their behalf, from using in commerce the FIELDTURF mark or any colorable imitation thereof.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

68. Plaintiffs repeat and incorporate by reference the allegations and facts set forth in paragraphs 1 through 67 above as if fully set forth herein.

69. Plaintiffs have expended significant time and expense in developing the FIELDTURF mark and the high-quality products and services it markets and sells under that mark.  The FIELDTURF mark is very successful and has developed a substantial reputation and goodwill in the marketplace.

70. Through their actions as described above, Defendants have misappropriated Plaintiffs' efforts and are exploiting the FIELDTURF mark and Plaintiffs' reputation to market and sell their products and services.  These actions constitute unfair competition.

71. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been and will continue to be damaged.

72. Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, Plaintiffs will continue to be damaged irreparably.  Plaintiffs have no adequate remedy at law.

73. On information and belief, Defendants have acted willfully, intentionally and maliciously, such that Plaintiffs are entitled to punitive damages.

## COUNT VII

## CONTRIBUTORY TRADEMARK INFRINGEMENT

74. Plaintiffs repeat and incorporate by reference the allegations and facts set forth in paragraphs 1 through 74 above as if fully set forth herein.

75. The actions of Defendants described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the FIELDTURF trademark, and confusingly similar variations thereof, in commerce to advertise, market and sell synthetic turf

products throughout the United States and California, constitute contributory trademark infringement in violation of federal law and common law of the State of California.

76. The actions of Defendants, if not enjoined, will continue. Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value and goodwill associated with the FIELDTURF mark, and injury to Plaintiffs' business.

77. On information and belief, the actions of Defendants described above were and continue to be deliberate and willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment in their favor and against Defendants, and issue an order:

A. That Defendants, their subsidiaries, directors, owners, partners, employees, servants and agents and all those persons acting in concert and participation with Defendants, either directly or indirectly, be preliminarily and permanently enjoined from violating Plaintiffs' rights by way of:

1. Using Plaintiffs' Trademark, or approximations, simulations or colorable imitations or confusingly similar forms thereof, in connection with selling, marketing, advertising, promoting and describing its services;

2. Using Plaintiffs' Trademark, or approximations, simulations or colorable imitations or confusingly similar forms thereof, as a trademark, service mark, company title, trade name, corporate name, or in a source indicating sense, in connection with selling, marketing, advertising, promoting, and describing its services;

3. Using any name, mark, designation, logo, word, trade dress, design, packaging or other material in connection with selling, marketing, advertising, promoting, and/or describing its services which is likely to cause confusion, mistake or deception with respect to Plaintiffs' names, marks, designations of origin, logos, trade dress, packaging or other material used in connection with its synthetic turf products, including Plaintiffs' Trademark;

4. Passing off goods and/or services as those of Plaintiffs;

/ / /

1        5.      Practicing unfair competition, unfair trade practices, and false advertising directed against Plaintiffs;

2        6.      Diluting and/or attempting to dilute the value of Plaintiffs' Trademark; and

3        7.      Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiffs or injuring Plaintiffs' good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

B.      That Defendants be required to pay Plaintiffs such damages as Plaintiffs have sustained as a result of each Defendants' infringement of the FIELDTURF Trademark in violation of 15 U.S.C. §§ 1114 and 1125(a) and Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq*; as well as under the common law; that such damages be trebled and that Defendants account for and pay over to Plaintiffs all gains, profits, unjust enrichment, and advantages derived by Defendants from their sale of goods and services by using the FIELDTURF Trademark in at least their Internet based web site, www.blueskyturf.com.

C.      That Defendants be ordered to destroy any materials whatsoever that in any way use Plaintiffs' FIELDTURF Trademark, or any confusingly similar variation thereof.

D.      That Plaintiffs be awarded their costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional and deliberate acts in violation of the Lanham Act and under California common law.

E.      That Plaintiffs be awarded punitive damages based on Defendants' unfair competition under California common law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

F. That Plaintiffs be awarded pre judgment interest on all damages and/or profits awarded by the Court.

G. That Plaintiffs receive such other and further relief as this Court deems just and proper.

DATED: August 1, 2011                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By:   */s/ Callie A. Bjurstrom*
     Callie A. Bjurstrom
     James C. Danaher
     Attorneys for Plaintiffs FIELDTURF USA, INC.
     and FIELDTURF TARKETT INC.

**DEMAND FOR JURY TRIAL**

Plaintiffs Fieldturf USA and Fieldturf Tarkett Inc., LLC hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 201.

DATED: August 1, 2011         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Callie A. Bjurstrom
Callie A. Bjurstrom
James C. Danaher
Attorneys for Plaintiffs FIELDTURF USA, INC. and FIELDTURF TARKETT INC.

101577576.2